1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Debra Novak-Scott,                )    No. CV 05-3147-PHX-JAT
                                       )
10           Plaintiff,                )    **ORDER**
                                       )
11   vs.                               )
                                       )
12                                     )
     City of Phoenix,                  )
13                                     )
             Defendant.                )
14                                     )
     _____   )
15

16          Plaintiff Debra Novak-Scott ("Plaintiff" or "Ms. Novak-Scott") has moved for the

17   Court to review the award and taxation of costs entered by the Clerk in favor of Defendant

18   City of Phoenix ("Defendant" or "the City") on May 23, 2008 (Doc. #99).  Defendant

19   opposes Plaintiff's Motion asserting that there is no basis for the Court to reject the

20   presumptive award of costs to the prevailing party in this case.  After reviewing the parties'

21   filings and hearing argument on March 23, 2009, the Court now rules on the Motion.

22   **I.      FACTUAL BACKGROUND**

23          On October 10, 2005, Plaintiff filed a Complaint consisting of two counts under Title

24   VII, one for sexual harassment and discrimination and one for retaliation.  By agreement, the

25   parties filed a Joint Motion for Dismissal of Count I of Plaintiff's Complaint on June 23,

26   2006 relating to the discrimination and sexual harassment claim.  The Court granted the

27   Motion on June 26, 2006 with each party to bear her or its own costs as to the discrimination

28   and harassment claim.  (Doc. #25.)

1       On September 14, 2007, Defendant filed a Motion for Summary Judgment on

2  Plaintiff's remaining retaliation claim. (Doc. #70.)  This Court granted that Motion on April

3  14, 2008. (Doc. #89.)  Defendant filed its Bill of Costs on April 18, 2008.  (Doc. #91.)

4  Plaintiff opposed Defendant's application for costs asserting that some of the costs sought

5  by Defendant were unrelated to Plaintiff's retaliation claim and were, therefore, excessive.

6  (Doc. #92.) The Clerk awarded all costs in the amount of $8,377.41 on May 23, 2008. (Doc.

7  #98.) Plaintiff then filed the Motion to Review Taxation of Costs (Doc. #99) that is presently

8  before this Court.  Defendant opposes that Motion.  (Doc. #101.)

9  **II.    LEGAL STANDARD**

10       28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs.  Pursuant

11  to Fed. R. Civ. P. 54(d), costs incurred by the prevailing party may be assessed against the

12  losing party as of course and may be taxed by the clerk.  Costs should be allowed to the

13  prevailing party unless the court, federal statute, or federal rules otherwise direct.  Fed. R.

14  Civ. P. 54(d).  Upon motion for review of the clerk's taxation of costs, the clerk's actions

15  may be reviewed by the Court.  Rules 54(d) requires that motions for review must be filed

16  within 5 days of the Notice Taxing Costs.  The Court reviews de novo the clerk's taxation

17  of costs. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981 (N.D. Cal.

18  2005).  The taxation of costs lies within the trial court's discretion. Fed. R. Civ. P. 54(d)(1),

19  however, creates a presumption that favors the prevailing party's recovery of authorized

20  costs.  It is incumbent upon the party opposing the recovery of costs to overcome that

21  presumption. *See Stanley v. Univ. S. Cal.*, 178 F.3d 1069 (9th Cir. 1999).

22  **III.    DISCUSSION**

23       Although Plaintiff concedes that the City was the prevailing party in this case,

24  Plaintiff argues that almost two-thirds of the City's costs should be disallowed because they

25  are associated with discovery that was unrelated, and therefore unnecessary, to defending

26  against Plaintiff's retaliation claim.  Specifically, Plaintiff asserts that Defendant is

27  improperly seeking costs related to the depositions of Dennis and Nancy Gray, for hearing

28  transcripts of an internal union disciplinary action brought by Plaintiff's union against

1    Plaintiff's alleged harasser, and for portions of her own deposition.  Plaintiff maintains that
2    because this discovery was related, however marginally in some instances, only to the
3    discrimination claim which was voluntarily dismissed by the parties, Defendant should not
4    be awarded costs as to these items.  Plaintiff, however, does not question the authenticity or
5    accuracy of any of the costs sought by Defendant.

6         Defendant maintains that all of the costs being sought in this matter were incurred in
7    successfully defending itself against Plaintiff's retaliation claim.  Defendant points to the fact
8    that all of the costs identified by Plaintiff as improper were incurred <u>after</u> the parties
9    dismissed Plaintiff's claim for discrimination.  As stated above, Count One of Plaintiff's
10   Complaint -- her claim for discrimination – was dismissed by this Court on June 26, 2006.
11   Defendant, however, did not serve any written discovery in this matter until five months
12   later.  Defendant did not take any depositions in this matter until February 2007, and
13   Defendant did not seek the hearing transcripts at issue until March 2007.  Of the twenty
14   witnesses disclosed by Plaintiff, Defendant deposed only four, and Plaintiff deposed five.
15   Such facts lend support to Defendant's position that the disputed costs were neither irrelevant
16   nor excessive in defending against Plaintiff's retaliation claim.

17        Perhaps recognizing that the chronology of events here is not suggestive of unrelated
18   or unnecessary costs, Plaintiff maintains that Defendant proceeded with the irrelevant and,
19   therefore, unnecessary discovery notwithstanding the earlier dismissal of the discrimination
20   claim.  With respect to the depositions of Plaintiff, Nancy Gray, and Dennis Gray, however,
21   the Court does not agree.  In a Title VII action where a plaintiff alleges both discrimination
22   and retaliation related thereto, it is inconceivable that there would be no overlap between
23   those claims.  This notion is even more applicable to the instant matter where Plaintiff's
24   retaliation claim was based largely on allegations regarding the manner in which Defendant
25   investigated Plaintiff's complaints of sexual harassment and discrimination.  Under such
26   circumstances – where the Plaintiff has alleged that aspects of the investigation of
27   discrimination amounted to actionable retaliation, this Court finds that discovery related to
28   Plaintiff's claims of discrimination are inextricably intertwined with Plaintiff's claim for

1  retaliation.  As this Court has already noted in ruling on Defendant's Motion for Summary

2  Judgment (Doc. #70) and Plaintiff's Motion to Strike Certain Portions of Defendant's

3  Separate Statement of Facts (Doc. #77), aspects of Plaintiff's discrimination claim form "part

4  of the undisputed context in which the propriety of the [investigation] must be viewed."

5  (Doc. #89.)  For these reasons, this Court cannot conclude that the depositions, or portions

6  thereof, at issue were unnecessary.

7  Indeed, Plaintiff's failure to withdraw Dennis Gray or Nancy Gray as witnesses during

8  the litigation of this matter or to obtain a protective order with respect to their depositions

9  further supports this Court's conclusion.  It is incumbent upon Plaintiff as the party opposing

10  the recovery of costs to demonstrate that the costs were unnecessary and should not be

11  recovered.  Plaintiff has failed to do so here where some of its own actions belie its current

12  assertions of irrelevance.

13  To the extent Plaintiff asserts that the Court should deny the costs as requested given

14  "the special character of Plaintiffs in Title VII actions," this Court finds Plaintiff's argument

15  unavailing.  In her Motion, Plaintiff cites *Dual v. Cleland*, 79 F.R.D. 696, 697  (D. D.C.

16  1978), for the proposition that "special qualities of the Title VII plaintiff shape the contours

17  of the Court's discretion under Rule 54(d)" and that costs should not be imposed upon the

18  unsuccessful Title VII employee-plaintiff unless the action is frivolous, unreasonable, or

19  without foundation.  (Motion, Doc. # 99, p. 5.)  This Court, however, does not agree with the

20  analysis in *Dual* but agrees with the well reasoned opinions from those Circuits holding that

21  Title VII does not disturb the usual rule concerning costs. *See, e.g., Delta Airlines, Inc. v.*

22  *Colbert*, 692 F.2d 489, 490 (7th Cir. 1982); *Hill v. J.C. Penney Co., Inc.*, 688 F.2d 370, 375

23  (5th Cir. 1982).  This Court agrees that the award of costs in a Title VII action should be

24  distinguished from an award of attorney's fees as Rule 54(d) leaves less discretion to the

25  court to deny such costs.  The wording and structure of Title VII have carved out no blanket

26  exception from Rule 54(d), and this Court refuses to do so here.

27  The Court does find, however, that Plaintiff has overcome the presumption favoring

28  costs with respect to the hearing transcripts of the internal union disciplinary action and the

board meeting transcripts.  Plaintiff asserts that the transcripts of the internal union proceedings were unnecessary as those proceedings had absolutely no bearing upon what the City did or did not do in the course of investigating Plaintiff's internal complaint.  Although the Court understands Defendant's assertion that there may have been some potential value in such matters for impeachment purposes, the Court is satisfied that Plaintiff has overcome the presumption favoring the recovery of these particular costs by Defendant.  For this reason, the Court will reduce the award and taxation of costs entered by the Clerk by the amount of $2,757.25 (Hearing Transcript at $1,378.00 + Hearing Transcript at $1, 209.25 + Transcripts of Board Meeting at $170.00).

Based on the foregoing,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Review Taxation of Costs (Doc. # 99);

**IT IS FURTHER ORDERED** awarding costs in favor of Defendant City of Phoenix and against Plaintiff Debra Novak-Scott in the amount of $5,620.16.  All other costs sought by Defendant are denied.

DATED this 30th day of March, 2009.

James A. Teilborg
United States District Judge